**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT CURTIS COVINGTON,

    Petitioner,

v.                                                                  Case No: 8:16-cv-1824-T-30TBM
                                                                    Crim. Case No: 8:06-cr-162-T-30TBM
UNITED STATES OF AMERICA,

    Respondent.

_____/

# **ORDER**

THIS CAUSE comes before the Court upon Petitioner Robert Curtis Covington's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1). By his motion, Covington asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016). Because the Eleventh Circuit denied Covington's motion for leave to file a successive § 2255, his motion should be dismissed.

Covington's present § 2255 motion is a second or successive motion. Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals may

authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

On July 29, 2016, the Eleventh Circuit denied Covington's request to file a successive motion under § 2255 based on *Johnson*. (CV Doc. 8). Because Covington has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Robert Curtis Covington's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

2. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 342 in the underlying criminal case, case number 8:06-cr-162-T-30TBM.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of August, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record